**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Jeffrey M. Kuha,

Plaintiff,

vs.

City of Minnetonka,

Defendant.

**Civil Case No. 00-1683 JMR/FLN**

**PLAINTIFF'S REQUESTED INSTRUCTIONS**

---

Plaintiff Jeffrey Kuha, by his attorneys, hereby submits the following proposed jury instructions in the above matter.

LOMMEN, NELSON, COLE & STAGEBERG, P.A.

Dated: June 17, 2004

BY___s/Phillip A. Cole________________________

Phillip A. Cole, I.D. No. 17802
Attorneys for Plaintiff
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8131
FAX: (612) 339-8064

**Request No. 1:**

**EXCESSIVE FORCE**

Jeffery Kuha was entitled as a matter of constitutional right to be free from the application of excessive force in the course of his apprehension on September 23, 1999. Excessive force is that degree of force which is unreasonable under all of the circumstances present. The reasonableness of the force applied is determined objectively. It is not material to this determination to assess the motivations or intentions of the officers involved. The proper application of this rule of law requires you to assess whether the totality of all of the circumstances surrounding Mr. Kuha's apprehension including such factors as the severity of the crime at issue, whether Mr. Kuha posed an immediate threat to the safety of the officers or others, and whether Mr. Kuha was actively resisting arrest or attempting to evade arrest by flight. In this case the question of excessive force is directed to the question of whether the circumstances in this case justified the deployment of a police dog to bite and hold Mr. Kuha without first giving Mr. Kuha a verbal warning and offering him the opportunity to surrender.

Note: Adapted from Federal Jury Prac. & Instr., Devitt & Blackmarr, ¶103.08 (2000) and the decision in Kuha v. City of Minnetonka, 365 F. 3d 590, 597 (8th Cir, 2004). Also, see, <u>Graham v.O'Connor</u>, 490 US 386, 396 (1989) ("question is whether the officer's actions are 'objectively reasonable.'").

**Request No. 2:**

**DEFINITION: COLOR OF STATE LAW 42 U.S.C. §§ 1983**

No instruction requested. There is no controversy on this point of fact. The court should find action under color of law as a matter of law.

**Request No. 3:**

**MUNICIPAL LIABILITY--OFFICIAL POLICY DEFINED (42 U.S.C. § 1983)**

Your deliberation on the question of the policy of the City of Minnetonka assumes you have found in Questions 1 and 2, that excessive force was applied in the apprehension of Mr. Kuha and that such violation caused him injury.

It appears without controversy in this case that the Defendant City of Minnetonka had in place a an official policy adopted and promulgated by its Chief of Police approving the use of a police dog to bite and hold a suspect under the circumstances of Plaintiff's arrest by City police officers. Chief of Police Joy Rikkala is a policy maker for the City of Minnetonka. You must determine whether the apprehension of Mr. Kuha by deployment of a dog trained to bite and hold without prior verbal warning or opportunity to surrender was carried out in implementation of official city policy.

Note: The criteria for finding an official policy under Monell v. Dept. of Social Services, 436 U.S. 658 (1978) are set forth in Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th cir. 1999)(a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding the matter). The police chief, Joy Rikkala, and the dog trainer/consultant to the city, Janet Ballard, have removed any doubt that the actions of the officers in deploying Arco and putting him upon Mr. Kuha to effect the arrest in this case were in accord with long standing policies in the Minnetonka police department. Under Monell when the execution of a municipal policy inflicts injury in violation of ¶1983, the municipality bears a direct liability. Id. at p. 694.

**Request No. 4:**

**SPOLIATION OF EVIDENCE, ADVERSE INFERENCE**

"The radio communications between the officers in the field, Lt. Belfanz and the dispatch officer were recorded by the City of Minnetonka. The court has ordered that these communication records be produced in this case to the Plaintiff's attorneys or that an adequate explanation for their destruction be offered. The Defendants have failed to produce the recordings or explain their destruction except as a means of frustrating the discovery of relevant and material evidence in this case. Accordingly you are instructed that you are to consider that the radio traffic recordings surrounding the pursuit and arrest of Jeffrey Kuha on September 23, 1999, would show that the officers involved in pursuing and arresting Mr. Kuha and their supervising superiors were fully aware that Mr. Kuha presented no threat of harm to any officer or member of the public at the time the dog Arco was tracking Mr. Kuha, at the time the dog was put upon Mr. Kuha and during the time the dog was allowed to hold Mr. Kuha after biting him."

Note: See Magistrate Noel's order of August 2, 2001. These recordings have never been produced and no information regarding the destruction of these records has been supplied.

**Request No. 5:**

**DIRECT CAUSE**

**Definition of "direct cause"**

A "direct cause" is a cause that had a substantial part in bringing about the injury or harm to the plaintiff.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 27.10 (4th ed. 1999).

**Request No. 6:**

**ITEMS OF PERSONAL DAMAGE -- PAST DAMAGES--
BODILY AND MENTAL HARM**

Items to include for past damages for bodily and mental harm:

1. Pain and suffering
2. Disability
3. Loss of enjoyment of life
4. Disfigurement

Plaintiff Jeffrey Kuha has experienced up to the time of your verdict.

It is difficult to put an exact monetary value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1. The type, extent, and severity of the injuries
2. How painful the injuries were
3. The treatment and pain involved in that treatment
4. The length of time the injury or harm lasted
5. Any other factors you think are relevant.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.10 (4th ed. 1999).

**Request No. 7**

**ITEMS OF PERSONAL DAMAGE -- PAST DAMAGES -- MEDICAL SUPPLIES, HOSPITAL AND MEDICAL EXPENSE**

**Past damages for health care expenses:**

Past damages for health care expenses may include:

1. Medical supplies

2. Hospitalization

3. Health care services of every kind

necessary for plaintiff Jeffrey Kuha's treatment up to the time of your verdict.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.15 (4th ed. 1999).

**Request No. 8**

**ITEMS OF PERSONAL DAMAGE -- PAST DAMAGES -- LOSS OF EARNINGS**

**Past damages for loss of earnings**

Past damages for loss of earnings may include:

1. Earnings

2. Salary

3. Value of working time

plaintiff Jeffrey Kuha lost as a result of the injury, from the time of injury to date.

Note: Adapted from 4A Minn.Dist. Judges Ass’n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.20 (4th ed. 1999).

**Request No. 9**

**ITEMS OF PERSONAL DAMAGE -- FUTURE DAMAGES -- BODILY HARM AND MENTAL HARM**

**Future damages for bodily and mental harm**

Future damages for bodily and mental harm may include:

1. Pain and suffering

2. Disability

3. Loss of enjoyment of life

4. Disfigurement

plaintiff Jeffrey Kuha is reasonably certain to experience in the future.

It is difficult to put an exact monetary value on these items that are not necessarily decided on a daily or hourly basis.

**Factors to consider**

You should consider:

1. The type, extent, and severity of the injuries

2. How painful the injuries are

3. The treatment and pain involved in that treatment

4. The length of time the injury or harm is likely to last

5. Any other factors you think are relevant.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.25 (4th ed. 1999).

**Request No. 10**

**ITEMS OF PERSONAL DAMAGE -- FUTURE DAMAGES -- MEDICAL SUPPLIES, HOSPITAL AND MEDICAL EXPENSE**

**Future damages for health care expenses**

Future damages for health care expenses may include:

1. Medical supplies

2. Hospitalization

3. Health care services of every kind

reasonably certain to be necessary for plaintiff Jeffrey Kuha's treatment in the future.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.30 (4th ed. 1999).

**Request No. 11**

**ITEMS OF PERSONAL DAMAGE -- FUTURE DAMAGES -- LOSS OF EARNING CAPACITY**

**Loss of future earning capacity**

If you find that future disability is reasonably certain to occur, you may consider the effect of that disability on plaintiff Jeffrey Kuha's future earning capacity. Consider what Jeffrey Kuha is able to earn in the future. Consider whether Jeffrey Kuha's future earning capacity has been destroyed or reduced. You may decide damages for this loss or reduction of future earning capacity.

**Factors to consider**

In determining the amount of future damages for loss of earning capacity, you should consider:

1. Age
2. Health
3. Skill
4. Training
5. Experience
6. Work habits
7. Length of loss of earning capacity (whether temporary or permanent)
8. Years of earning capacity compared to plaintiff Jeffrey Kuha's life expectancy.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.35 (4th ed. 1999).

**Request No. 12**

**LIFE EXPECTANCY TABLES**

According to life expectancy tables, the future life expectancy of a 25 year old males is 49 years. This means he is expected to live to age 74.

Use this figure to help you determine the probable life expectancy of plaintiff Jeffrey Kuha. It is not conclusive proof of his life expectancy, and you are not bound by it. It is only an estimate based on average experience.

You may find that Jeffrey Kuha might live a longer or shorter period than that given in these tables.

Consider this figure along with evidence of the health, physical condition, habits, occupation, and surroundings of Jeffrey Kuha and other circumstances that might affect his life expectancy.

Note: Adapted from 4A Minn.Dist. Judges Ass'n, Minnesota Practice, Jury Instruction Guides - Civil, CIVJIG 91.85 (4th ed. 1999).

**Request No. 13**

**Burden of Proof.**

As to questions that are to be answered "yes" or "no," you are to answer "yes" if you find that such answer is supported by the greater weight of the evidence as you find it no matter by whom produced. Otherwise you should answer "no."

As to the damages questions, your answer should be supported by the greater weight of the evidence as you find it no matter by whom produced.