**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

**FOURTH DIVISION**

---

Jeffrey M. Kuha, **Civil Case No. 00-1683 JMR/FLN**

Plaintiff,

vs. **PLAINTIFF'S MOTIONS IN LIMINE COMBINED MEMORANDA IN SUPPORT**

City of Minnetonka,

Defendant.

---

## I. Exclude the Entry in Plaintiff Kuha's Hospital Record Reporting a Blood Alcohol Level of .15.

The entry in Plaintiff's record might allow a jury to conclude that Kuha was operating his vehicle while under the influence of alcohol but, beyond that conclusion the evidence is not otherwise illuminated. Defendants have tendered no evidence on the relationship of the blood alcohol level to Kuha's memory of the events that ensued. Plaintiff contends this blood alcohol evidcnce should be excluded under FRE 403 because its probative value is far outweighed by the probability of prejudice to Plaintiff in determining the question of excessive force.

The essential facts of this case are not marred by genuine controversy. The officer, William Roth, who stopped Mr. Kuha on Smetana Road admits that the only basis for the stop was Kuha's failure to dim his headlight as he approached the oncoming squad car. (Roth depo. pp. 19-23) Officer Roth concedes that Kuha at no time threatened him or evidenced a threat to the safety of any third person. (Id., p.19, 25) Mr. Kuha does not claim any justification for his flight. Officers Anderson and Warosh who tracked and apprehended Kuha with the dog Arco,

concede that they were given no information that Kuha was armed or a threat to safety aside from the fact of his flight from Officer Roth's stop for a petty misdemeanor. (Anderson depo. pp. 43-44, 90; Warosh depo. p. 8) They concede that Arco attacked and bit Mr. Kuha as a standard procedure and not because of any threat or the presence of a weapon singular to this case. (Anderson depo. pp. 71-72; Warosh depo. pp. 21-22) They admit that when Arco bit Mr. Kuha neither the dog nor Mr. Kuha were in view. (Anderson depo., pp65-66; Warosh depo. p.17) Mr. Kuha recalls that he was seated in the grass with his hands in the air calling out "I'm done." The officers do not dispute this testimony but testify they did not hear Kuha. They concede that no weapon was ever in evidence. They agree further that Mr. Kuha never offered any threat to them and no weapon was in evidence. (Anderson depo. p. 69; Warosh p. 20) The officers, singularly Anderson, claim no justification for not calling the dog from its hold on Kuha except that Kuha was using his hands to try to pry the dog's jaws from its hold on his groin. (Anderson depo. pp. 74-75) Kuha was never charged with driving while intoxicated. He was not stopped for driving erratically. The officers do not claim that suspected intoxication was the basis for any of their contested actions.

The admissibility of the suspect's intoxication in excessive force Sec. 1983 cases, has been discussed pointedly in two decisions. In Saladino v. Winkler, 609 F.2d 1211, 1214 (7th Cir, 1979), reh'g. den., the court refused to find an abuse of discretion in admitting the evidence of intoxication because *"[t]his evidence tends to make more probable that the plaintiff acted as the defendant contended he did or that plaintiff otherwise conducted himself in such a manner as to place the defendant reasonably in fear of his life."* In Saladino the officer defendant contended the plaintiff had raised a gun to fire at him when the officer shot the defendant. The defendant

contested this account. In Turner v. White, 980 F.2d 1180, 1182-83 (8th Cir., 1992), the court cited Saladino in affirming the trial court's admission of the suspect's intoxication upon the same rationale. i.e the evidence lent credence to the officer's version of competing accounts of the basis for a shooting. In Turner, the officer shot into a vehicle, killing one occupant, when he saw the suspect reach down into the car, raise up quickly and turn toward him after disobeying commands to exit the vehicle. Thinking he was about to be fired upon, the officer fired. The suspect had no firearm in fact and claimed no commands were given. Applying the abuse of discretion standard, the trial court's admission of the evidence was affirmed.

Both Saladino and Turner are instructive in the clear implication that barring the evidence would also not have been an abuse of discretion in either case. The rationale for admission in both cases was the weight such evidence would lend to one version of disputed accounts of the officer's perception of the need for deadly force. In this case, no such dispute exists. The issue is fairly put whether a police officer may put a large dog with lethal bite potential upon a person fleeing from an arrest for a petty misdemeanor where no evidence of threat to the officer or the public is perceived or claimed to have been perceived. Officer Anderson contends that flight alone rendered Kuha fair game for the application of deadly force. Kuha's apparent intoxication lends nothing to the deliberations upon this issue. The rationale in Saladino and Turner is wholly absent here. The court is asked in its discretion to exclude this evidence.

**II. Exclude Defendants' Exhibit 42, A Purported Videotape of the Scene.**

This motion is made purely in self defense. The defendants have identified as their Exhibit 42, a recent videotape of the scene of the apprehension. The existence of this videotape has never been disclosed to Plaintiff before its inclusion in this list. It has not been included in

disclosures under Rule 26A or any supplement thereto. Moreover no copy of the videotape has been tendered to Plaintiff's counsel even at this date for review. There are numerous photographs and maps of the scene already marked and agreed upon. Defendants did not ask plaintiff's counsel to assist in the filming to eliminate controversy or mystery in the filming. It is unknown what the videotape contributes to the overall picture. There is no contention in this case by the defendants that unusual topography or vegetation in the area in some fashion caused them to set the dog upon Mr. Kuha. For any purpose under Section 1983, this dog attack might as well have taken place at the police station.

The evidence should be excluded because it has not been disclosed and Plaintiff has not been given any chance to examine it for particularized prejudice.

LOMMEN, NELSON, COLE & STAGEBERG, P.A.

Dated: June 17, 2004

BY___s/ Phillip A. Cole_____________________

Phillip A. Cole, I.D. No. 17802
Attorneys for Plaintiff
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8131
FAX: (612) 339-8064