UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffrey M. Kuha,

Plaintiff,

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE**

vs.

City of Minnetonka,

Defendant.

---

## INTRODUCTION

Defendant submits this memorandum of law in support of its Motion in Limine. On March 26, 2001, Plaintiff disclosed Dr. Deidre Anglin as a *rebuttal* witness pursuant to Civil Procedure Rule 26(a)(2)(B). However, in all of Plaintiff's more recent filings, it appears Plaintiff intends to produce Dr. Anglin during his case-in-chief. Defendant objects to Dr. Anglin testifying during Plaintiff's case-in-chief. In addition, Defendant submits the rebuttal testimony of Dr. Anglin is inappropriate and unnecessary.

## LEGAL ARGUMENT

Defendant objects to Plaintiff's attempt to have Dr. Anglin testify during his case-in-chief. Under mandatory discovery Rule 26(a)(2)(B), a party who seeks to introduce an expert's opinion into evidence must provide a written disclosure report to the other party that "contain[s] a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary or support for the opinions; the qualifications of the witness; including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid

for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition with the preceding four years." *Id.* "The purpose of a detailed and complete expert report as contemplated by Rule 26(a) … is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial." *Ortiz-Lopez v. Sociedad Espanola de Auxillo Mutuo Y Beneficiencia de P.R.*, 248 F. 3d 29, 35 (1st Cir. 2001).

A party that fails to disclose evidence required by Rule 26(a) will not be allowed to use that evidence unless the failure to disclose the evidence is harmless. *See* Fed.R.Civ.P. 37(c)(1). In determining whether the evidence is harmless, the Court should considered the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 728 (7th Cir. 1999); *see also Engleson v. Little Falls Area Chamber of Commerce*, 210 F.R.D. 667, 669 (D. Minn. 2002).

Here, Dr. Anglin has only been disclosed as a rebuttal witness. *See* R. Civ. P. 26(a)(2)(C). Defendant requests the testimony be excluded from Plaintiff's case-in-chief.

Furthermore, Defendant requests the testimony be excluded from trial if it does not rebut any of Defendant's testimony. To determine if testimony is truly rebuttal testimony, the Court should consider three questions.

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Poly-America, Inc. v. Serrot International, Inc.*, No. 300-CV-1457, 2002 WL 1996561 (N.D. Texas 2002).

Here, Dr. Anglin's testimony will not rebut any of Defendant's evidence. Defendant has only disclosed Don Slavik as an expert. He is not providing any medical testimony, but will testify concerning the appropriate policies and procedures for the handling of a police canine. Therefore, Dr. Anglin should be precluded from providing rebuttal testimony.

Respectfully submitted,

IVERSON REUVERS, LLC

Dated: July 19, 2004.

By: s/ Paul D. Reuvers
Jon K. Iverson, I.D. #146389
Paul D. Reuvers, I.D. #217700
Attorneys for Defendant
9321 Ensign Avenue South
Bloomington, Minnesota 55438
(952) 548-7200