UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffrey M. Kuha,

Plaintiff,

vs.

City of Minnetonka,

Defendant.

Court File: 00-1683 JMR/FLN

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A JURY VIEWING OF THE SCENE**

---

Defendant moves this Court to allow the jury to view of the path taken by Plaintiff when he was fleeing Minnetonka Police Officers. This viewing is necessary for the jury to fully appreciate the terrain Plaintiff and the pursuing officers faced on September 23, 1999. For this reason, Defendant respectfully requests the jury be allowed to view the area of the incident and chase route.

Plaintiff will testify about his flight from the Minnetonka Officers and about the location in which the officers found him. The Minnetonka Officers will also testify about the terrain of the chase route. Without the benefit of viewing the chase area, it would be difficult for the jury to understand the testimony. Accordingly, Defendant believes an on-site viewing will assist the jury.

There is no federal rule or statute directly on point concerning jury viewings. Minnesota law, however, is instructive on the point. The purpose of a view by the jury is not to obtain evidence but to enable the jury to understand and apply the evidence relating to the claimed

damages. *See Sjodin v. Lund*, 277 Minn. 473, 153 N.W.2d 718 (Minn. 1967); *Huyink v. Hart Publications*, 212 Minn. 87, 2 N.W.2d 552 (Minn. 1942).

An on-site inspection for this purpose is allowed under Minnesota law, specifically Minnesota Statutes § 546.12. The statute provides in relevant part:

> In a civil case when the court deems it proper that the jury should view . . . the place where a material fact occurred, it may order them to be taken, in a body and in the custody of proper officers, to the place, which shall be shown them by the judge, or by a person appointed by the court for that purpose; . . .

The decision to allow the jury to view the property is committed to the trial court's discretion. *See State by Humphrey v. Briggs*, 488 N.W.2d 811, 817 (Minn. App. 1992). Under this standard, the Court should allow the jury to view the area so that the jury fully understands the testimony and evidence relating to the route Plaintiff and the Minnetonka Officers took on September 23, 1999.

Defendant believes the jury should view the pursuit route from a few different vantage points but does not believe it will be necessary (or appropriate) for the jury to climb through the thicket Kuha made his way through. Defendant believes the parties and the Court will be able to establish agreeable parameters for this exercise.

For the above-mentioned reasons, Defendant respectfully requests the Court allow the jury to view the incident site.

Respectfully submitted,

IVERSON REUVERS, LLC

Dated: July 19, 2004

By____________________________

Jon K. Iverson, I.D. #146389
Paul D. Reuvers, I.D. #217700
Attorneys for Defendants
9321 Ensign Avenue South
Bloomington, Minnesota 55438
(952) 548-7200