**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jeffrey M. Kuha, **Civil 00-1683 (JMR/FLN)**

Plaintiff,

vs.

City of Minnetonka,

Defendant.

---

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION IN LIMINE RE EXPERT TESTIMONY OF DR. DEIDRE ANGLIN.**

## LEGAL ARGUMENT

### DEFENDANT'S MOTION IN LIMINE SHOULD BE DENIED.

With its Motion In Limine, Defendant City of Minnetonka seeks to preclude all testimony from Plaintiff's disclosed expert, Dr. Deidre Anglin. Dr. Anglin is a physician in the Department of Emergency Medicine at the Los Angeles County/University of Southern California Medical Center and is co-author of Hutson HR, Anglin D, Pineda GV, *et al.* Law Enforcement K-9 Dog Bites: Injuries, Complications and Trends, *Annals of Emergency Medicine*, 1997; 29:637-42. Defendant asserts that Dr. Anglin was disclosed only as a rebuttal expert and thus may not be used in the case in chief. Defendant asserts further that Dr. Anglin will have nothing to rebut since its expert, a dog trainer, will not be offering "medical testimony."

Defendant is correct that Dr. Anglin is a rebuttal expert. She participated in the above referenced, published study on the severity of injuries inflicted by police dogs trained to find and

bite. Her published conclusion (and that of her colleagues) was that dogs used in the bite and hold method inflicted a significantly higher rate of injury on suspects and more severe injuries than dogs used in the bark and hold approach. This testimony directly rebuts Defendant's expert testimony – that of Donald Slavik – that the "level of ferocity of a bite and hold attack is generally misunderstood" because the dog can be "called off." (Expert Report of Donald Slavik at 6.) In this case, however, defendant's expert misjudges the level of force applied under Minnetonka's policies which call for the handler to keep the dog on the suspect for a period of time while the handler circles the suspect. Thus, in rebuttal to the defense expert, Anglin's testimony shows that the force applied by policy dogs is well understood to be maximized under a bite and hold policy.

The issue is important here because the jury must decide whether the "City's policy - which authorizes the use of dogs trained only to bite and hold, and which did not mandate a verbal warning in this scenario - caused the constitutional violation." Kuha v. City of Minnetonka, 365 F.3d 590, 607 (8th Cir. 2004) as amended. In making this judgment it is useful evidence for the jury to understand the level of force incident to the use of dogs in the bite and hold method. The defense expert, Donald Slavik, will disagree with Dr Anglin. Thus her testimony is rebuttal. If he does not disagree, then her testimony will not be needed. It is in any case problematic to exclude a rebuttal expert by motion in limine before the testimony to be rebutted is heard.

Defendant's Motion In Limine should accordingly be denied.

**LOMMEN, NELSON, COLE & STAGEBERG, P.A.**

Dated: July 22, 2004

By s/Phillip A. Cole

Phillip A. Cole, #17802
Christopher R. Grote, #267995
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 339-8131
(612) 339-8064 - Facsimile

Attorneys for Plaintiff

Doc. #: 232662