UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffrey M. Kuha, **Civil 00-1683 (JMR/FLN)**

Plaintiff,

vs.

City of Minnetonka,

Defendants.

---

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DESIGNATION OF DEPOSITION TESTIMONY FOR TRIAL**

Plaintiff Jeffrey M. Kuha submits the following response to Defendant City of Minnetonka's objections to Plaintiff's designation of deposition testimony for use at trial.

**1. Plaintiff is Permitted to Offer the Deposition Testimony of Dr. Deidre Anglin as Designated.**

The deposition testimony of Plaintiff's expert, Dr. Deidre Anglin, should be admitted as designated.

Defendant actually does not offer any direct objection to the use of Dr. Anglin's deposition. Defendant only repeats the position it takes in its motion in limine that Dr. Anglin's testimony should only be received as rebuttal testimony. As Plaintiff states in his response to that motion, Dr. Anglin's testimony will indeed be rebuttal testimony. Defendant's objection accordingly fails.

In any event, the use of Dr. Anglin's deposition testimony – for any purpose – is specifically sanctioned by Fed. R. Civ. P. 32(a)(3)(B). Dr. Anglin is a resident of the State of California. This Court is entitled to take judicial notice of the fact that California is more that 100 miles from Minnesota and to admit the deposition testimony accordingly. Starr v. J. Hacker Co., Inc., 688 F.2d 78, 81 (8th Cir. 1982).

**2. Plaintiff is Permitted to Offer the Deposition Testimony of Police Chief Joy Rikala as Designated.**

The deposition testimony of Minnetonka Police Chief Joy Rikala should be admitted as designated as substantive evidence in Plaintiff's case in chief.

Defendant objects to Plaintiff's identified use of Chief Rikala's deposition as being at odds with the preference for live testimony. However, because Chief Rikala is a managing agent of Defendant, Plaintiff's use of Chief Rikala's deposition testimony, for any purpose, is specifically allowed under Fed. R. Civ. P. 32(a)(2).

There can be no substantive dispute regarding Chief Rikala's status as Defendant's managing agent. The Eighth Circuit has used the analysis stated in Tomingas v. Douglas Aircraft Co., Inc., 45 F.R.D. 94, 96 (S.D.N.Y. 1968) to determine whether an individual is a managing agent for Rule 32(a)(2) purposes. Crimm v. Missouri Pacific Railroad Co., 750 F.2d 703, 708-09 (8th Cir. 1984). As stated in Tomingas:

> The term "managing agent" should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his "functions, responsibilities and authority ... *respecting the subject matter of the litigation*."

45 F.R.D. at 96 emphasis in original, (quoting Kolb v. A.H. Bull Steamship Co., 31 F.R.D. 252, 254 (E.D.N.Y. 1962)). A "practical consideration" identified as an aid in the evaluation of

whether an individual is a managing agent is "whether any person or persons in higher authority than the deponent are in charge of the particular matter or possessed of the information" which is the subject of the litigation. Tomingas, 45 F.R.D. at 96. Considering that the subject matter of the present litigation is Defendant's policy authorizing the use – without verbal warning in this scenario – of police K-9 dogs trained only to bite and hold, and the fact that Chief Rikala is the person of highest responsibility and authority in Defendant's police department, Chief Rikala is properly identified as a managing agent of Defendant. Plaintiff's proposed use of the Chief's deposition testimony is therefore allowed and Defendant's objection fails.

**LOMMEN, NELSON, COLE & STAGEBERG, P.A.**

Dated: July 22, 2004

By s/Phillip A. Cole

Phillip A. Cole, #17802
Christopher R. Grote, #267995
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 339-8131
(612) 339-8064 - Facsimile

Attorneys for Plaintiff

Doc. #: 232688