UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffrey M. Kuha,

Plaintiff,

vs.

City of Minnetonka,

Defendant.

Court File: 00-1683 JMR/FLN

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

---

Defendant submits the attached proposed jury instructions.

IVERSON REUVERS, LLC

Date: July 26, 2004

By:s/ Paul D. Reuvers___
Jon K. Iverson, #146389
Paul D. Reuvers, #217700
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200

# 1.01 GENERAL: NATURE OF CASE; BURDEN OF PROOF; DUTY OF JURY; CAUTIONARY

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions–both those I give you now and those I give you later–are equally binding on you and must be followed.

This is a civil case brought by the plaintiff Jeffrey Kuha against defendant City of Minnetonka. The plaintiff Jeffrey Kuha alleges he was subjected to excessive force and was injured as a result of the City of Minnetonka's unconstitutional policy regarding the use of police canines during his lawful arrest which occurred on September 23, 1999, in the City of Minnetonka. The City denies its officers used excessive force and deny its policy is unconstitutional. It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against defendant. From the evidence you will decide what the facts are. You are entitled to consider that evidence in light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

**Eighth Circuit Model Jury Instruction No. 1.01**

## 1.02 EVIDENCE; LIMITATIONS

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated–that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence and must not be considered.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I shall tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**Eighth Circuit Model Jury Instruction No. 1.02**

## 1.03 BENCH CONFERENCES AND RECESSES

During the trial it may be necessary for me to talk with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

**Eighth Circuit Model Jury Instruction No. 1.03**

## 1.04 NO TRANSCRIPT AVAILABLE
## [NOTE–TAKING]

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

**Eighth Circuit Model Jury Instruction No. 1.04**

## 1.05 CONDUCT OF JURY

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case–you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side–even if it is simply to pass the time of day–an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.

*Sixth*, do not do any research or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

**Eighth Circuit Model Jury Instruction No. 1.05**

## 1.06 OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the plaintiff's attorney may make an opening statement. Next, the defendant's attorneys may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff will then present evidence and the counsels for the defendants may cross-examine. Following the plaintiff's case, the defendant may present evidence and plaintiff's counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

**Eighth Circuit Model Jury Instruction No. 1.06**

## 2.01 DUTIES OF JURY: RECESSES

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

**Eighth Circuit Model Jury Instruction No. 2.01**

## 2.04 JUDICIAL NOTICE

I have decided to accept as proved the fact that Jeffrey Kuha was lawfully arrested on September 23, 1999. The rules of evidence permit the judge to accept facts which the judge believes cannot reasonably be disputed. You must, therefore, accept this fact as proved.

**Eighth Circuit Model Jury Instruction No. 2.04**

## 3.01 EXPLANATORY

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

**Eighth Circuit Model Jury Instruction No. 3.01**

## 3.02 JUDGE'S OPINION

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

**Eighth Circuit Model Jury Instruction No. 3.02**

## 3.03 CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**Eighth Circuit Model Jury Instruction No. 3.03**

## SEC. 72.01 PREPONDERANCE OF THE EVIDENCE

The burden is on the plaintiff Jeffrey Kuha, in a civil action such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Mr. Kuha's claim by a preponderance of the evidence in the case, the jury should find for the defendants as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 72.01**

## 3.06 ELECTION OF FOREPERSON; DUTY TO DELIBERATE; COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT; VERDICT FORM

In conduction your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your fore person. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges–judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone–including me–how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be–that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Eighth Circuit Model Jury Instruction No. 3.06**

**SEC. 103.01 PLAINTIFF'S CLAIM–UNLAWFUL POLICE CONDUCT**

In this case Jeffrey Kuha claims damages alleged to have been sustained by him as the result of a deprivation, under color of state law, of a right secured by the Constitution of the United States and by a federal statute protecting the civil rights of all person within the United States.

Specifically, Mr. Kuha alleges he was subjected to excessive force and was injured as a result of the City of Minnetonka's unconstitutional policy regarding the use of police canines during his lawful arrest which occurred on September 23, 1999, in the City of Minnetonka.

You are specifically instructed the arrest of Jeffrey Kuha on September 23, 1999, was lawful.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 103.01**

**EXCESSIVE FORCE**

Excessive force is that degree of force which "not reasonably necessary" under all of the circumstances present.

In determining whether such force, was "not reasonably necessary," you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the severity of the crime at issue, whether Mr. Kuha posed an immediate threat to the safety of the officers or others, whether Mr. Kuha was actively resisting arrest or attempting to evade arrest by flight, and whether a reasonable officer on the scene, without the benefit of 20/20 hindsight, would have used such force under similar circumstances.

In particular, you must consider whether the officers were justified in using a police canine, trained in the bite and hold method, to locate Mr. Kuha.

You must consider that police officers are often forced to make judgments about the amount of force that is necessary in circumstances that are tense, uncertain and rapidly evolving. You must consider whether the officer's actions are reasonable in the light of the facts and circumstances confronting the officer, without regard to the officer's own state of mind, intention or motivation.

**Adapted from Eighth Circuit Model Jury Instruction No. 4.10; Federal Jury Prac. & Instr., Devitt & Blackmarr, ¶103.08 (2000); and *Kuha v. City of Minnetonka,* 365 F.3d 590, 597 (8th Cir. 2004).**

**SEC. 103.11 MUNICIPAL LIABILITY**

Plaintiff Jeffrey Kuha claims that the City of Minnetonka, a municipality, is liable to him for the constitutional deprivations that he alleges. You are instructed that the City of Minnetonka may be liable if you find that Mr. Kuha has been deprived of his constitutional rights and such deprivation was done pursuant to a governmental custom, policy, ordinance, regulation, or decision. When a person is injured as a result of government's policy, custom, ordinance, regulation, or decision, whether made by its lawmakers or by those officials whose edicts or acts may fairly be said to represent official policy, the city itself may be responsible for the injury that it caused.

You are instructed that the Chief of Police was an official whose acts constitute final official policy of the City of Minnetonka. Therefore, if you find that the acts of the Chief of Police deprived Mr. Kuha of his constitutional rights, the City of Minnetonka may be liable for such deprivations.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §103.11**

## MUNICIPAL LIABILITY – DIRECT CAUSE

In order for an unconstitutional policy to be a direct cause of the use of excessive force, Mr. Kuha must prove the City's policy was the "moving force [behind] the constitutional violation."

***Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978).**

## 4.51 ACTUAL DAMAGES–PRISONER CIVIL RIGHTS

If you find in favor of Jeffrey Kuha, then you must award Mr. Kuha such sum as you find from the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained and is reasonably certain to sustain in the future as a direct result of the violation of his constitutional rights. You should consider the following elements of damages:

1. The physical pain and mental suffering Mr. Kuha has experienced and is reasonably certain to experience in the future; the nature and extent of the injury, whether the injury is temporary or permanent and whether any resulting disability is partial or total;

2. The reasonable value of the medical care and supplies reasonably needed by and actually provided to Mr. Kuha;

3. The wages Mr. Kuha has lost.

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

**Eighth Circuit Model Jury Instruction No. 4.51**

**SEC. 72.08 OPINION EVIDENCE–EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 72.08**

**SEC. 73.02 DEPOSITIONS–USE AS EVIDENCE**

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing, under oath. Such testimony is entitled to the same consideration, and is to be judged as to the credibility, and weight, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.02**

**SEC. 73.04 IMPEACHMENT–INCONSISTENT STATEMENTS**

**OR CONDUCT–FALSUS IN UNO FALSUS IN OMNIBUS**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is consistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.04**