UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jeffrey M. Kuha,

Plaintiff,

vs.

City of Minnetonka,

Defendant.

Court File: 00-1683 JMR/FLN

**DEFENDANT'S OBJECTION TO THE SPECIAL VERDICT FORM**

---

At the charging conference, the Court presented the following question on the special verdict form:

***We the jury find that the police _________________ have given a warning***
***should/should not***
***concerning Arco in this case.***

After further consideration of Instructions 10, 11 and 12, Defendant respectfully requests the Court to substitute the following question to avoid a potential perverse verdict:

***We the jury find for the ________________.***
***Plaintiff/Defendant***

A reasonable jury could conceivably find a warning should have been given under the circumstances, but the failure to do so was not in accord with the City's policy. *See Kuha v. City of Minnetonka,* 365 F.3d 590, 606 (8th Cir. 2004) ("The City is free to argue at trial that the bite and hold policy does, in fact, require a verbal warning.") This proposed change simplifies the issue and avoids the potential problem of reconciling an adverse verdict with the jury instructions. Under the circumstances, Defendant submits the proposed change remedies this potential problem.

Alternatively, Defendant respectfully submits an additional question to the jury on the issue of liability is necessary to comport with the jury instructions and the Eighth Circuit Opinion:

***If your answer to question 1 was "should" then answer this question: Was the use of ARCO to apprehend Plaintiff without a warning an implementation of the official policy of the City of Minnetonka?***

***Yes*** __________ ***No*** __________

For the reasons stated above, this will prevent a potential perverse verdict.

Respectfully submitted,

IVERSON REUVERS

Dated: March 9, 2005

By s/Paul D. Reuvers
Jon K. Iverson, I.D. #146389
Paul D. Reuvers, I.D. #217700
Attorneys for Defendant
9321 Ensign Avenue South
Bloomington, Minnesota 55438
(952) 548-7200