**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Jeffrey M. Kuha,

**Civil Case No. 00-1683 (JMR/FLN)**

Plaintiff,

vs.

**OBJECTION TO DEFENDANT'S TAXATION OF COSTS & DISBURSEMENTS**

City of Minnetonka, et.al,

Defendants.

---

## INTRODUCTION

Defendant City of Minnetonka prevailed at trial, and seeks to tax costs and disbursements against Plaintiff Jeffrey M. Kuha pursuant to 28 U.S.C. §§ 1920 and 1928. Because there is no statutory support for award of many of the costs and disbursements requested, and because the supporting affidavit does not establish that the costs and disbursements were both reasonable and necessary, Defendant's Bill of Costs should be rejected in total, or, in the alternative, significantly reduced.

## ARGUMENT

The Court has broad discretion to determine the reasonableness of a request for costs, and must carefully review the prevailing party's bill of costs and the support offered for it:

> Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence, that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

> Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute. Such a restrained administration of [Rule 54(d)] is in harmony with our national policy of reducing insofar as possible the burdensome cost of litigation.

Farmer v. Arabian Amer. Oil Co., 379 U.S. 227, 235 (1964). In order for costs and disbursements to be awarded, they must be supported by a detailed affidavit and evidence that the costs were necessary to the litigation. Ryther v. KARE 11, 864 F.Supp. 1525, 1534 (D.Minn. 1994).

Rule 54(d) provides that a prevailing party may be awarded "costs other than attorneys' fees. . . unless the court otherwise directs[.]" Fed.R.Civ.P. 54(d)(1). This rule interacts with 28 U.S.C. § 1920, which allows for recovery of limited costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1823 of this title.

Section 1920 "is phrased permissively because Rule 54(d) generally grants a federal court discretion to *refuse* to tax costs in favor of the prevailing party." Crawford Filling Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1989) (emphasis added). In other words, only those costs and disbursements enumerated by statute may, but need not, be awarded. See WalMart Stores, Inc. v. Crist, 123 F.R.D. 590, 594 (W.D.Ark. 1988)("The allowance of costs to the prevailing party

is not obligatory."); Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (district court abused discretion in awarding costs not available by statute).

The court may also apply equitable considerations in reviewing a request for costs and disbursements, such as when a losing plaintiff has "pursued a legitimate claim at a high financial cost" and "raised issues of important public concern." Exold v. Wolf, Block, Schorr & Solis-Cohen, 157 F.R.D. 13, 17 (E.D.Pa. 1994). It is particularly important to award no more costs than may be justified when they are being taxed against an unsuccessful civil rights plaintiff following the trial of a non-frivolous claim. See Hiegel v. Heigel, 771 F.2d 358, 360 (8th Cir. 1985).

Jeffrey Kuha pursued a civil rights case that raised an important civil rights issue: whether the policies of the City of Minnetonka Police Force regarding the employment of a k-9 to apprehend a non-violent suspect represent an excessive use of force in violation of the United States Constitution. Mr. Kuha's litigation took years and was correspondingly expensive. Mr. Kuha prevailed in part on appeal to the Eighth Circuit Court of Appeals, but did not prevail at trial. Given the importance of the issue and the relatively modest means of Mr. Kuha, it is within this Court's discretion to allow each side to bear their own costs and disbursements. Mr. Kuha therefore respectfully requests that the Court decline to award any costs or disbursements to the City of Minnetonka.

In the alternative, many of the costs and disbursements requested by the City are inflated, unnecessary, or not supported by statute. The costs will be addressed by category.

**I. DEPOSITION AND TRANSCRIPT COSTS.**

Costs for deposition transcripts are recoverable if they are necessary. 28 U.S.C. § 1920(2). "The most direct evidence of necessity is the actual use of a transcript in a court proceeding." Ryther, 864 F.Supp. at 1534. Recovery of costs for depositions not used at trial may be recovered if the deposition appeared reasonably necessary at the time it was taken, but this analysis of necessity is "more troublesome." Id. Costs may not be recovered for depositions that were merely helpful or investigative. Id. And the cost of depositions of a defendant's own witnesses that were not used at trial by the defendant may be disallowed. Hill v. BASF Wyandotte Corp., 547 F.Supp. 348, 352 (E.D.Mich. 1982).

Defendant seeks complete reimbursement for all depositions taken in this matter. See Affidavit of Jon K. Iverson ("Iverson Aff."), Item I.[1] In fact, Defendant seeks reimbursement for one witness not known to be associated with this matter, David Mayo. (Item I.D.) But with the exception of Mr. Kuha's deposition (Item N), the defense did not use any of the deposition transcripts at trial. The testimony of Doctors Marchuk (Item I.A), Hanson[2] (I.B), and Melin (I.H) was not introduced at trial because medical damages were stipulated by the parties. Deposition of the Defendant's own witnesses (Items I.K and I.M) were not introduced by Defendant at trial. Nor was the 2001 transcript of the testimony of Plaintiff's expert, Dr. Fyfe (Item I.C) either related to this litigation nor introduced at trial. Although these depositions may

---

[1] Individual items will be referred to as indicated in the Iverson Affidavit (for example, I.A. is the "Deposition transcript fee for Dr. Stephen Marchuk.") Exhibits referred to are those submitted to the Court as attachments to the Iverson Affidavit.

[2] This expense is not supported by an invoice and denial is justified on that ground as well.

have provided useful information to Defendant in litigating this case, an investigative deposition is not "necessary" and hence these expenses may not be recovered.

In addition, the cost of the videotape of Dr. Fyfe, Plaintiff's expert (Item I.F) was unnecessary and duplicative: Plaintiff presented the videotape at trial, not Defendant, and Defendant had a deposition transcript of Dr. Fyfe's video testimony. In the alternative, Defendant should be allowed the cost of the videotape (Item I.F: $75.00) but not the cost of the deposition transcript (I. E: $440.50).

Finally, cost of transcript of the summary judgment hearing (Item I.O) was unnecessary for the trial. This transcript was ordered in early 2002, apparently for the appeal of this matter. Ex. N. Plaintiff prevailed on the appeal, and Defendant was not awarded costs relating to the appeal. This transcript was not used for trial, and its cost should not be allowed.

In sum, if Defendants are awarded any costs and disbursements, it should be limited to the deposition transcript fees of the deposition of Jeffrey Kuha (Item I.N) and the trial depositions of Dr. Fyfe and Dr. Anglin (Items I.E and I.I), for a total of $1,096.35.

**II. TRAVEL EXPENSES.**

Defendant seeks a variety of travel expenses, including those incurred taking the depositions of Plaintiff's experts. (Items I.G and I.J.) But travel expenses incurred by a party's attorney are not recoverable. Sphere Drake Ins. P.L.C. v. Trisko, 66 F.Supp.3d 1088, 1093 (D.Minn. 1999). The award of these expenses, which are unsupported by statutory authority, is plain error. United States v. Grabinski, 727 F.2d 681, 687-88 (8th Cir. 1984). Nor are these expenses supported by an invoice. They must be rejected in total.

In addition, Defendant seeks travel expenses incurred by their witness, Janet Ballard, both for attendance at her deposition (Item I.L) and for trial (II.F). Ms. Ballard's deposition was taken on January 15, 2001. (Ex. I.) An airline ticket stub suggests that she came from Arizona to attend her deposition. (Ex. J.) But at the deposition, Ms. Ballard stated that she lived in Minnetonka, Minnesota. Affidavit of Diane M. Odeen ("Odeen Aff."), Ex. 1 (Ballard deposition, p. 4). The hotel bills submitted also show a Minnetonka address. Iverson Aff., Ex. K. Ms. Ballard stayed in the hotel for three nights – much longer than necessary for a deposition that lasted only a few hours. Id. Because these travel expenses are not justified by Ms. Ballard's stated address, nor by the amount of time reasonably spent in town for her deposition, they should be rejected.

Ms. Ballard's travel expenses relating to trial are also suspect. The invoice submitted for her airfare contains a handwritten note regarding an additional $100.00 for a "change fee" (Ex. O), but this additional expense is not supported by an invoice, nor is it demonstrated how this was necessary for the trial of the action. Her expenses must be reduced accordingly.

**III. WITNESS FEES.**

Witness fees are properly awarded only for those days that the witness testifies or is reasonably and necessarily present at trial. American Steel Works v. Hurley Constr. Co., 46 F.R.D. 465, 468 (D. Minn. 1969). When the witness is present merely for her own convenience or to assist counsel, taxation of costs is not appropriate. Id. In addition, the expense of witnesses who are or represent the parties are not taxable. See Wright & Miller, Fed. Prac. & Procedure: Civil § 2678; see also Heverly v. Lewis, 99 F.R.D. 135, 136 (D. Nev. 1983) (party cannot recover costs incident to her own deposition).

Here, Defendants attempt to tax costs relating to the attendance of Chief of Police Joy Rikala and Officer Kevin Anderson for five days of trial. (Items II.A through D). Their daily attendance was not required, since each testified on only a single day. The fees and travel expenses should be reduced to one day for Officer Anderson. And Chief Rikala's presence as a representative of the City of Minnetonka makes it inappropriate for any witness or travel fees to be paid on her behalf. Officer Darrin Rain's testimony was cumulative and unnecessary at trial The fees awarded him should be denied. (Items II.M and N.) And finally, Defendant's expert witness, Mr. Slavik, apparently traveled twice between his home in Ottertail and Minneapolis. The double trip was unnecessary, and his travel expenses should be reduced by half.

Accordingly, the witness fees awarded should be reduced by deducting the fees for Chief Rikala and Officer Rain, reducing the fees for Kevin Anderson, and reducing the travel fees for Mr. Slavik. These deductions reduce the total witness fees available to Defendant to $1,390.51.

## IV. EXPERT WITNESS FEES.

Expert witness fees in excess of the fees accorded ordinary witnesses in § 1821(b) are not taxable. Crawford Fitting Co., 482 U.S. at 442. In fact, only court-appointed expert fees may be recaptured. 28 U.S.C. § 1920(6). "The discretion granted by Rule 54(d) is not a power to evade [the restriction that only court-appointed expert fees may be awarded.] Rather, it is solely a power to *decline* to tax, as costs, the items enumerated in § 1920." Crawford Fitting Co., 482 U.S. at 442 (emphasis added); see also West Virginia Univ. Hosps. v. Casey, 499 U.S. 83, 86 (1991) (only statutory witness fee is recoverable as a cost); Sphere Drake Ins., 66 F.Supp.2d at 1093 n.6 (same).

Defendants seek to recover both ordinary witness fees for Mr. Slavik, and his expert costs. (Compare Items II.O & P with Items V.A through C.) While Defendant may recover ordinary witness fees, the expert fees are not recoverable and must be denied.

**V. COPY FEES.**

Not all photocopying costs are taxable, and a prevailing party may only recover "fees for exemplification and copies of pages necessarily obtained for use in the case." Sphere Drake Ins., 66 F.Supp.3d at 1093. "Copies obtained for the convenience of counsel are not recoverable." Helms v. WalMart Stores, Inc., 808 F.Supp. 1568, 1570 (N.D.Ga. 1992). For example, prevailing parties may not recover photocopying expense incurred in copying their own pleadings or transmitting documents to their client. Emmenegger v. Bull Moose Tube Co.,33 F.Supp.2d 1127, (E.D. Mo. 1998).

Here, Defendant seeks recovery of copying costs for Mr. Kuha's medical records (Items III.A through E) as well as tax records (III.H) and the personnel file of the job he had at the time of the incident (III.J). In addition, Defendant seeks the cost of copying summary judgment exhibits (III.I) and some unidentified copying. (III.F and G).

The costs for copying medical records, while appearing to be reasonable, are unsupported by invoices and should be denied on that basis. The same is true of the cost of copying summary judgment motion exhibits, which are also not shown to be necessary beyond the convenience of counsel. In addition, one the bills from XACT (Item III.F ) is not provided, and the second for the copying of 416 pages of "litigation" (Item III.G, Ex. T) is not shown to be necessary for trial.

Neither Mr. Kuha's personnel file, nor his IRS tax records were introduced as an exhibit at trial or at his deposition. While these may have been interesting investigative reading for Defendant's counsel, neither Mr. Kuha's employment history nor his tax obligations were at issue in this litigation, which focused on Mr. Kuha's apprehension by the Minnetonka police for a traffic infraction.

Because all of the copying costs requested are either unsupported or unjustified, they should be denied.

## CONCLUSION

This is a case where it is appropriate for the Court to decline to award costs and disbursements at all, based on the important public question raised by a unsuccessful plaintiff. Jeffrey Kuha respectfully requests that the Court exercise its discretion and order that each party will bear its own costs in this matter.

In the alternative, as explained above, Defendant should be awarded no more costs and disbursements than were necessary and are supported by the evidence:

| | | |
|---|---|---|
| I. | Court Reporter & Deposition Fees: | $1,096.35 |
| II. | Witness Fees and travel expenses: | $1,390.51 |
| III. | Fees for Copies: | $0.00 |
| IV. | Docket Fees: | $62.50 |
| V. | Expert Fees: | $0.00 |

Total award: $3,645.71.

Dated: April 22, 2005 LOMMEN, NELSON, COLE & STAGEBERG, P.A.

BY_s/Diane M. Odeen__

Phillip A. Cole, I.D. No. 17802
Diane M. Odeen, I.D. No. 284142
Attorneys for Plaintiff Jeffrey Kuha
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402
(612) 339-8131