UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey M. Kuha, Court File No: 00-1683 JMR/FLN

Plaintiff,

vs.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTION TO TAXATION OF COSTS AND DISBURSEMENTS**

City of Minnetonka,

Defendant.

## INTRODUCTION

The City of Minnetonka is entitled to an award of costs and disbursements incurred in successfully litigating this case. Plaintiff initially sued not only the City of Minnetonka, but three of its police officers (Bill Roth, Dennis Warosh and Kevin Anderson). The claims against the individual officers were previously dismissed by the District Court, which was affirmed by the Eighth Circuit Court of Appeals. The sole remaining claim against the City of Minnetonka proceeded to trial, where the City received a defense verdict. Because the City and its Officers were prevailing parties in this litigation, Plaintiff should be held accountable for the costs associated with asserting the outrageous claims in this lawsuit.[1]

The City agrees the District Court has broad discretion to determine the reasonableness of a request for costs. *Farmer v. Arabian Amer, Oil Co.*, 379 U.S. 227, 235 (1964). The Court,

---

[1] For example, in the First Amended Complaint, Plaintiff alleged,

> Although Plaintiff initially sought to evade the Defendant officers on foot, he had surrendered when the dog savaged him. Despite Plaintiff's surrender, the Defendant officers, in particular Officer Kevin Anderson, intentionally and maliciously released a police dog to attack the Plaintiff for no other reason than to seriously injure, maim, or kill Plaintiff. Plaintiff Jeffrey Kuha was forced to submit to a lethal attack as a condition of his apprehension for failing to dim his headlights.

Pl.'s Compl. ¶ 11 (March 12, 2001). Not surprisingly, the jury rejected Plaintiff's claims.

however, should exercise that discretion to award the City all of its costs incurred in defending against Plaintiff's claims. Just as the jury determined Plaintiff had to take personal responsibility for his decision to run from the police, Plaintiff should not be allowed to avoid personal responsibility for reasonable costs and disbursements. Plaintiff suggests he should be absolved of responsibility for costs because of his "modest means." Plaintiff, however, is employed as a pilot and certainly has the financial means to reimburse the costs associated with this matter.

As set forth below, the Court should reject Plaintiff's objections to the City's request for taxation of costs and disbursements because they were necessarily incurred in this matter.

**1. Deposition and Transcript Costs.**

Plaintiff objects to the costs of numerous depositions on the grounds they were not used in trial. However, costs for deposition transcripts are recoverable if they are necessary. 28 U.S.C. § 1920(2). Further, "the costs of such a transcript may still be taxable when the deposition appeared reasonably necessary to the parties at the time it was taken." *Ryther v. KARE 11*, 864 F.Supp. 1525, 1534 (D. Minn. 1994) citing *Raio v. American Airlines, Inc.*, 102 F.R.D. 608, 611 (E.D.Pa.1984) (emphasis added).

Here, Plaintiff argues the costs of his own medical experts, Dr. Marchuk, Hanson and Melin, are not taxable because the medical damages were stipulated to at trial. These depositions, however, were used to formulate Exhibit One, which included a summary of the testimony of Plaintiff's treating doctors. More importantly, Plaintiff noticed and took these depositions for trial. If they were not necessary, Plaintiff should not have taken them. Plaintiff cannot seriously object to deposition costs incurred for his own trial witnesses.

Plaintiff also objects to the depositions of all of the individual police officers because they were not used by the City at trial. Plaintiff noticed and took these depositions and used

them at trial. At the time the depositions were taken, they were "reasonably necessary to the parties." *Id.* The depositions were used in the summary judgment motion and resulted in the dismissal of all of the individual officers. Therefore these depositions were not merely investigatory but were actually reasonably necessary for the adjudication of this case. Again, Plaintiff cannot seriously object to depositions he took in the course of the litigation.

Plaintiff also argues the City is not entitled to both the deposition transcript and videotape of Plaintiff's expert, Dr. James Fyfe. The videotape was played at trial and the deposition transcript was necessary to make objections before and during the testimony. Because the testimony of Dr. Fyfe was presented at trial, these costs should be allowed.

Lastly, Plaintiff argues the City should not receive reimbursement for the transcript which was necessary in the appeal of this case. Plaintiff presents no authority as to why a prevailing party cannot recoup transcript costs which were necessarily incurred in order to properly adjudicate this case on appeal, resulting in the dismissal of claims against the individual officers.

Accordingly, the City requests the Court tax deposition and transcript costs against Plaintiff in the amount of $5,888.47.[2]

**2. <u>Travel Expenses.</u>**

All of Janet Ballard's travel expenses were necessary and reasonable in this case. Plaintiff argues Janet Ballard did not travel from Arizona for her deposition and instead that she lived in Minnetonka. However, the City has produced both an airline invoice and hotel bills related to Ms. Ballard's travel to the Minneapolis metro area to have her deposition taken. The Plaintiff also argues that Ms. Ballard's $100.00 airline "change fee" for her flight to testify at

---

[2] The City agrees the Deposition Fee for David Mayo in the amount of $35.00 was inadvertently included in the Bill of Costs and should be excluded.

trial is not supported by invoice and was not necessary. However, this charge was necessary because this case was set to go to trial several times and was postponed. As a result, Ms. Ballard's travel dates had to be moved incurring the "change fee" expense. As a result, the City requests the Court tax travel expenses against Plaintiff in the amount of $2,168.17.

**3. Witness Fees.**

Plaintiff argues that five days of witness fees for Chief Rikala and Officer Anderson were not appropriate because they only testified one day. However, as Plaintiff points out, witness fees are properly awarded only days the witness testifies or is reasonably and necessarily present at trial. *American Steel Works v. Hurley Constr. Co.*, 46 F.R.D. 465, 468 (D. Minn 1969). Officer Anderson was at trial every day because his conduct and the conduct of his K-9 partner was on trial. Therefore, it was reasonable and necessary that he attend trial. Further, Chief Rikala was necessarily present at trial because she was the representative of Minnetonka and as such needed to observe the trial in her official capacity. Therefore her presence at trial for five days plus travel expenses was a reasonably necessary cost.

Plaintiff also argues that Officer Rain's testimony was "cumulative and unnecessary." Officer Rain corroborated the testimony of the other officers and, therefore, was not cumulative or unnecessary. Therefore his travel expenses are justified.

Lastly, Plaintiff claims defense expert Don Slavik incurred unnecessary expenses by traveling from his home to court twice. However, Mr. Slavik was present in court and prepared to testify. Although he only testified on one day, he was present over two days of testimony. His expenses were justified as he had to be prepared to testify when called.

Accordingly, the City requests the Court tax witness fees against Plaintiff in the amount of $1,898.68.

4. **Expert Witness Fees.**

The Court has broad discretion in determining the reasonableness of the request for costs. *Farmer*, 379 U.S. at 235. The City requests the expert witness fees that were incurred prior to and during trial be taxed against the Plaintiff. The expert in this case played a critical role in the adjudication of this case and was a cost the City had to incur in order to properly defend this case. Therefore, the City requests the Court tax expert witness costs of $7,610.00.

5. **Copy Fees.**

Plaintiff argues that the copy cost incurred by the City to obtain Plaintiff's medical records is not supported by invoice and therefore should not be allowed. However, Plaintiff fails to cite any source requiring a separate invoice for each expense incurred. Instead, a cost item must be supported by an affidavit and evidence the cost was necessary for litigation. *Ryther*, 864 F.Supp. at 1534. In this case, each hospital or clinic that the City paid for a copy of Plaintiff's medical records was itemized. Further, Plaintiff agrees these costs were reasonable and does not dispute these clinics provided medical records relating to Jeffery Kuha, particularly since the medical records were submitted as evidence at trial.

The copying cost of Summary Judgment Motions and Exhibits were incurred to serve the Court and Plaintiff with copies of the motions. The bills from Xact are for litigation copying and were incurred as part of the litigation of this case. Lastly, while the IRS tax records and Plaintiff's personnel file were not introduced into evidence at trial they were still used in developing a damages stipulation for lost wages. This data was reasonably necessary to understand all the damages Plaintiff was claiming.

Accordingly, the City requests the Court tax copy fees against Plaintiff in the amount of $555.52.

## CONCLUSION

For the foregoing reasons, the City as the prevailing party in this case requests the Court grant its Bill of Costs in the amount of $16,015.17.

IVERSON REUVERS

Dated: April 26, 2005

By: /s Paul D. Reuvers
Jon K. Iverson, #146389
Paul D. Reuvers, # 217700
Attorneys for Defendant
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200