**TAXATION OF COSTS SUMMARY**

Civil No. 00-1683 (JMR/FLN)

Jeffrey M. Kuha,

v.

City of Minnetonka, et al.

---

I. Fees of the Court Reporter

Claimed $5,923.47 Allowed $3,103.35

The prevailing party concedes that it erroneously included deposition costs for David Mayo in the amount of $35.00.

The prevailing party also seeks to recover deposition transcript fees for Officer William Roth ($82.50), Officer Kevin Anderson ($183.15) and Dennis Warosh ($87.45), all of whom are named parties in this matter. As a general rule, a party witness must bear their own expenses, and thus these costs will not be taxed. See Heverly v. Lewis, 99 F.R.D. 135, 136 (D.Nev. 1983); Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure §2678, p. 466 (3d Ed. 1998).

The prevailing party also seeks to tax travel expenses incurred during travel to and from depositions. The expenses incurred during travel to and from the depositions of James Fyfe (totaling $1,712.53) and Dr. Deirdre Anglin (totaling $719.49) appear to have been incurred by the prevailing party's attorney. The travel expenses of an attorney are not recoverable costs, and thus cannot be taxed. See Sphere Drake Ins. P.L.C. v. Trisko, 66 F.Supp.2d 1088, 1093 (D.Minn. 1999); Uni-Systems, Inc. v. Delta Air Lines, Inc., File No. 4:96-CV-973 (JRT/RLE), 2002 WL 505914, *3 (D.Minn. March 28, 2002) (citations omitted).

The Fees of the Court Reporter are accordingly reduced in the amount of $2,820.12.

II. Fees for Witnesses

Claimed $1,898.68 Allowed $1,294.44

The prevailing party seeks fees and travel expenses for witnesses who testified at trial. Included in the prevailing party's costs are witness fees and travel expenses for Joy

Rikala ($232.40), Officer Kevin Anderson ($232.40), Officer William Roth ($46.48), and Dennis Warosh ($92.96), all of whom are either named parties or employees of Defendant City of Minnetonka. As noted above, a party witness is responsible for their own expenses, and costs for these individuals cannot be taxed.

The Fees for Witnesses are accordingly reduced in the amount of $604.24.

III. Fees for Exemplification and Copies

| | | | |
|---|---|---|---|
| Claimed | $555.52 | Allowed | $555.52 |

IV. Docket Fees under 28 U.S.C. § 1923

| | | | |
|---|---|---|---|
| Claimed | $62.50 | Allowed | $62.50 |

V. Other Fees (Expert Witness Fees)

| | | | |
|---|---|---|---|
| Claimed | $7,610.00 | Allowed | $0 |

The prevailing party requests taxation for expert witness fees incurred by their expert witness involving case review, office visits, gathering data, research, review of opposing opinions, court preparation and case review. See Iverson Aff., § 5; [Docket No. 127]. Expert witness fees are not authorized under 28 U.S.C. § 1821, and thus cannot be taxed.

**TOTAL ALLOWED: $5,015.81**

Dated: August 19, 2005